# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EMIL ORESSEY and MARY LOU ORESSEY, <br><br> Plaintiffs, <br><br> v. <br><br> KINDERCARE EDUCATION LLC a/k/a d/b/a KINDERCARE LEARNING CENTERS, LLC and ALLIED HEALTH CARE SERVICES, <br><br> Defendants. | CIVIL ACTION NO. 3:18-CV-00400 <br><br> (JUDGE CAPUTO) |

## MEMORANDUM

Presently before this Court is a Motion to Remand filed by Plaintiffs Emil and Mary Lou Oressey (collectively "Plaintiffs"). (Doc. 5.) This Motion will be denied because this Court has jurisdiction pursuant to 28 U.S.C. 1332(a).

## I. Background

Defendant Allied Health Care Services ("Allied") owns a property located at 511 Morgan Highway, Scranton, Pennsylvania. This property was leased to Defendant KinderCare Education LLC[1] ("KinderCare"), which allowed for the construction and operation of a daycare center on Allied's property.[2] This lease required KinderCare to "indemnify and save harmless [Allied] from any and all liability . . . arising from injury to

---

[1] The original lease was not with KinderCare, but rather its predecessor Magic Years Child Care & Learning Centers, Inc. (*Notice of Removal*, Ex. D at 1.) The parties, however, do not dispute that this lease controls the instant matter.

[2] There were no structures on this property when Allied first conveyed it. In fact, the lease specifically contemplates the construction of a child care facility: "Lessee agrees to construct a child care and learning center facility on the demised property." (*Notice of Removal*, Ex. D at ¶ 7(a).)

persons or property on the demised property." (*Notice of Removal*, Ex. D at ¶ 18(a).) The lease also explained that KinderCare was responsible for the maintenance and repair of the property to ensure that "all buildings and improvements on the leased property" were "in good and safe condition." (*Notice of Removal*, Ex. D at ¶ 8(a).)

On January 14, 2016, Plaintiff Emil Oressey attended a school play for a child at KinderCare's daycare center. While exiting the daycare center, Mr. Oressey tripped and fell in the middle of a staircase due to "a defective and broken step." Mr. Oressey sustained serious injuries because of his fall, which included an injury to his right knee that required surgery.

Based on these facts, Plaintiffs filed suit against Defendants KinderCare and Allied in the Lackawanna County Court of Common Pleas. (*Notice of Removal*, Ex. A.) Plaintiffs allege that Defendants' negligence caused both Mr. Oressey's physical injuries and Mrs. Oressey's loss of consortium. (*Id.*) KinderCare filed a Notice of Removal with this Court on February 21, 2018. (*Doc.* 1.) Plaintiffs oppose removal and have filed a Motion to Remand. (*Doc.* 5.) That Motion has been fully briefed and is ripe for disposition.

## II. Legal Standard

**A. Motion to Remand**

By statute, a defendant has the right to remove a civil action from state court if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1332(a); *see also* 28 U.S.C. § 1441(a). "For removal predicated upon diversity of citizenship, a proper exercise of federal jurisdiction requires satisfaction of the amount in controversy requirement as well as complete diversity between the parties . . . ." *In re Briscoe*, 448 F.3d 201, 215 (3d Cir. 2006). Complete diversity requires that every plaintiff be of diverse state citizenship from every defendant. *See Grand Union Supermarkets of the Virgin Islands, Inc. v. H.E. Lockhart Mgmt.*, 316 F.3d 408, 410 (3d Cir. 2003); *accord* 28

2

U.S.C. § 1332(a). Stated differently, if any plaintiff is a citizen of the same state as any defendant, the action must remain in a state court.

The doctrine of fraudulent joinder, however, represents an exception to the general rule that removal be predicated solely upon complete diversity. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3d Cir. 1990). This means that "[i]n a suit with named defendants who are not of diverse citizenship from the plaintiff, the diverse defendant may still remove the action if it can establish that the non-diverse defendants were 'fraudulently' named or joined solely to defeat diversity jurisdiction." *In re Briscoe*, 448 F.3d at 216. The application of the fraudulent joinder principle does not require a showing of fraud in the conventional sense. *See Cook v. Pep Boys-Mannie, Moe & Jack, Inc.*, 641 F. Supp. 43 (E.D. Pa. 1985); *see also Pennsy Supply, Inc. v. Mumma*, No. 10-0451, 2010 WL 1565476, at *3 (M.D. Pa Apr. 19, 2010) (Caputo, J.). Instead, a court will find fraudulent joinder "if there is no reasonable basis in fact or colorable ground supporting the claim against the joined defendant, or no real intention in good faith to prosecute the action against the defendant or seek a joint judgment." *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 32 (3d Cir. 1985).

Federal removal statutes are to be strictly construed against removal, and all doubts should be resolved in favor of remand. The Third Circuit has interpreted *all doubts* to mean that if there is *any doubt* as to the propriety of removal, the case should not be removed to federal court. *See Brown v. Francis*, 75 F.3d 860, 865 (3d Cir. 1996). With respect to the application of the fraudulent joinder principle, this means that "fraudulent joinder should not be found simply because plaintiff has a weak case against a non-diverse defendant." *Nele v. TJX Co.*, No.11-07643, 2013 WL 3305269, at *3 (E.D. Pa. July 1, 2013). Instead, fraudulent joinder must only be found where a claim against a non-diverse party is "wholly insubstantial and frivolous." *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 852 (3d Cir. 1992). Thus, "if there is even a possibility that a state court would find the complaint states a cause of action against any of the resident defendants, the federal court must find that joinder was proper and remand the case to state court."

*Boyer*, 913 F.2d at 111. The removing party bears the burden of establishing that joinder is fraudulent, and "this burden is a heavy one." *Mumma*, 2010 WL 1565476, at *3.

### III. Discussion

### A. Plaintiffs Fraudulently Joined Defendant Allied Health Care Services

KinderCare argues that removal is proper because Plaintiffs fraudulently joined Allied, a citizen of Pennsylvania. So, while complete diversity does not exist as currently alleged because Plaintiffs and Allied are citizens of Pennsylvania, KinderCare believes that the fraudulent joinder doctrine allows this Court to retain jurisdiction. Plaintiffs disagree and contend that joinder was proper because Allied may face liability under Pennsylvania law. Defendant is correct and removal is proper; this Court has jurisdiction.

It is well settled that under Pennsylvania law, a landlord out of possession is generally not responsible for injuries suffered by third parties on leased premises. *See Dinio v. Goshorn*, 437 Pa. 224, 228-29 (1969); *Deeter v. Dull Corp., Inc.,* 617 A.2d 336, 338-40 (Pa. Super. Ct. 1992) ("[A] lessor of land is not liable to the lessee or to others, including business invitees, for the physical harm caused by either natural or artificial conditions on the land which existed when the land was transferred or which arise after the transfer of possession."); *Henze v. Texaco, Inc*., 352 Pa. Super 538, 541 (1984); *see also Hymes v. Great Lakes Warehouse,* No. 11-248, 2014 WL 10224662, at *3 (E.D. Pa. Mar. 17, 2014); *Morano v. Radnor Corp.*, No. 89-7438, 1990 WL 121206, at *2 (E.D. Pa. Aug. 16, 1990). But, Pennsylvania has established a number of exceptions to this general rule. A landlord out of possession may still be held liable: "(1) if he has reserved control over a defective portion of the demised premises, (2) if the demised premises are so dangerously constructed that the premises are a nuisance *per se*, (3) if the lessor has knowledge of a dangerous condition existing on the demised premises at the time of transferring possession and fails to disclose the condition to the lessee, (4) if the landlord leases the property for a purpose involving the admission of the public and he neglects to inspect for or repair dangerous conditions existing on the property before possession is transferred to the lessee, (5) if the lessor undertakes to repair the demised

4

premises and negligently makes the repair, or (6) if the lessor fails to make repairs after having been given notice of and a reasonable opportunity to remedy a dangerous condition existing on the leased premises." *Henze*, 352 Pa. Super Ct. at 541-42 (internal citations omitted).

Here, it is undisputed that Allied was a landlord out of possession.[3] And, since Allied is a landlord out of possession, it may not be held liable for the injuries sustained by the Plaintiffs unless an exception to the general rule shielding such a landlord from liability applies.

On the facts present, no exception applies. First, Allied is not in control of the property. The property is exclusively occupied and operated by KinderCare. Second, there has been no allegation that the property was in such a dangerous state to render the property a nuisance per se. Rather, the Complaint simply alleges that a single broken step within the leased property caused Plaintiff Emil Oressey to fall and sustain various injuries. Third, there is no question that Allied, the lessor, was unaware of the broken step prior to transferring the property to KinderCare. In fact, at the time of the transfer no building existed on the leased property. The lease provides that the "[l]essee agree[d] to construct a child care and learning center on the demised premises." Fourth, while Allied did know that the purpose of the lease involved the admission of the public, again, Allied would have been unaware of any defect in the stairway at the time the

---

[3] Plaintiffs do not contest Allied's status as a landlord out of possession. Nevertheless, Allied's status as a landlord out of possession is proper. The leased property was exclusively occupied by KinderCare and operated by its employees. Further, as documented in the lease, KinderCare, not Allied, was responsible for the construction of the facility, the maintenance of the facility, and repairs to the facility. Further, Allied does not appear to have ever made routine inspections of the property or helped arrange for repairs. *See Juarbe v. City of Phila*, 431 A.2d 1073, 1080-81 (Pa. Super. Ct. 1981); *Ozer v. Metromedia Resturaunt Grp., Steak and Ale of Pa., Inc.*, 2005 WL 525400, at *10 (E.D. Pa. Mar. 7, 2005). Put simply, KinderCare was in control of the leased property. Therefore, Allied must be considered a landlord out of possession.

property was transferred to KinderCare because the stairway had yet to be constructed. Fifth, there has been no allegation that Allied ever made a repair on the leased property. Finally, there has been no allegation that KinderCare ever made Allied aware of the defect which caused the instant harm.

For these reasons, the general rule controls: Allied as a landlord out of possession is not responsible for injuries suffered by third parties on the leased premises. As such, Plaintiffs do not have a colorable claim against Allied, and its citizenship will not be considered when assessing this Courts jurisdiction under 28 U.S.C. § 1332(a).

Absent Allied's citizenship, complete diversity exists. KinderCare is a citizen of Delaware and Oregon.[4] Plaintiffs Emil and Mary Lou Oressey are citizens of Pennsylvania. Additionally, the amount in controversy exceeds $75,000.[5] Thus, federal jurisdiction exists as the requirements of 28 U.S.C. 1332(a) have been met.

### IV. Conclusion

For the above stated reasons, Plaintiffs' Motion to Remand will be denied.

An appropriate order follows.

| | |
|---|---|
| May 18, 2018 | /s/ A. Richard Caputo |
| Date | A. Richard Caputo |
| | United States District Judge |

---

[4] KinderCare is a limited liability company ("LLC"). To determine the citizenship of an LLC I must look at the citizenship of its members. *See Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010). Here, KinderCare has a single member, Knowledge Schools LLC. Knowledge Schools LLC also has a single member, Knowledge Universe Education Holdings, Inc. This corporation was incorporated in Delaware and has its principal place of business in Oregon.

[5] Plaintiffs seek an award in excess of $50,000 for Counts I, II, and III of the Complaint.

6